UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STUART DUKE,

        Plaintiff,　　　　　　　　　　Case Number: 07-12656

v.　　　　　　　　　　　　　　　　　HONORABLE AVERN COHN

ISABELLA COUNTY, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the Wallens Ridge State Prison in Big Stone Gap, Virginia. Plaintiff originally filed his complaint in the United States District Court for the Western District of Michigan. The case was transferred to this Court under 28 U.S.C. § 1406(a) apparently because the complaint concerns events alleged to have occurred in this district. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)[1] because it fails to state a claim upon which relief may be granted.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .

II. Analysis

A. The Complaint

The complaint is virtually unintelligible. Plaintiff states that he is unlawfully incarcerated for a murder which occurred in Virginia. Plaintiff provides a great deal of information about how he was allegedly framed for this crime. However, the constitutionality of this conviction is not challenged in this complaint.

Instead, plaintiff's claims appear related entirely to the care of his mother and the allegedly criminal handling of her estate. From what can be gleaned, at some point after he was convicted of murder, two women, Kim and Brenda Coleman, were hired to care for plaintiff's elderly mother, Dorothy Duke. The Colemans allegedly stole large sums of money from Ms. Duke. Plaintiff then asked for help from his friend Christine Laughingdoe Doerfling. Doerfling took Ms. Duke back to her home state of Michigan. Plaintiff claims that Doerfling then unlawfully withdrew tens of thousands of dollars from Ms. Duke's accounts, with the help of defendants Dino Grecu and William Shirley. According to Plaintiff, defendants Detective David Tuma and prosecutor Risa N. Scully are investigating these financial transactions. Also named as defendants are the guardian ad litem appointed to represent Ms. Duke, the Isabella County Probate Judge presiding over matters of Ms. Duke's estate, and others involved in the investigation of or processing of Ms. Duke's financial assets.

B. Claims Against Private Individuals

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was

---

(ii) fails to state a claim upon which relief may be granted . . .

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Brock v. McWherter, 94 F.3d 242, 244 (6th Cir. 1996).

The following defendants are private individuals: Anne McLellan, David Gilbert, Christine Laughingdoe Doerfling, William T. Shirley, and Dino Greco. The complaint does not offer any indication that any of these individuals are employed by a state agency or were acting in concert with or at the direction of any state official. Thus, plaintiff fails to state a claim against these defendants.

In addition, a guardian ad litem (defendants Chuck Moses and Paula Fisher) does not act under color of state law or as a state actor for purposes of § 1983. Neither are court-appointed conservators (defendant Marjorie Havens) state actors under § 1983. Finally, a bank is not a state actor, despite its extensive federal and state regulation, even when a bank's complained-of actions have been explicitly authorized by the state. Accordingly, plaintiff fails to state a claim against Chuck Moses, Paula Fisher, Marjorie Havens, Isabella Bank and Trust and Special Fiduciary Trustee Services, and Fifth-Third Bank.

### C. Defendants Ervin, Scully and Tuma

Also named as defendants are the Honorable William T. Ervin, who is presiding over probate court proceedings involving Ms. Duke, Risa N. Scully, the prosecutor apparently involved in these proceedings, Ed Helwig of the Adult Protective Services, and Detective David Tuma, who is apparently investigating Christine Doerfling's involvement with Ms. Duke's finances. The basis for plaintiff's claims against these defendants is not clear. It appears that plaintiff claims these defendants are inhibiting

3

his access to the probate court proceedings. However, a prisoner's constitutional right of access to the courts does not extend to state probate court. Therefore, plaintiff fails to state a claim against these defendants.

### D. State Law Claims

Because plaintiff fails to allege any facts sufficient to sustain a federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims he may have. *See* 28 U.S.C. § 1367(c). Any such state law claims are dismissed without prejudice.

### III. Conclusion

For the reasons stated above, the complaint is **DISMISSED** under 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

                    s/Avern Cohn
                    AVERN COHN
                    UNITED STATES DISTRICT JUDGE

Dated: July 10, 2007

I hereby certify that a copy of the foregoing document was mailed to Stuart Duke 232827, Wallens Ridge State Prison, 272 Dogwood Drive, P.O. Box 759, Big Stone Gap, VA 24219 of record on this date, July 10, 2007, by electronic and/or ordinary mail.

                    s/Julie Owens
                    Case Manager, (313) 234-5160